

03-CR-00498-PET

JUDGE FRANKLIN D. BURGESS

FILED ___ LODGED
___ RECEIVED

JUN 23 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

　　　　Plaintiff,

　　v.

GARY EVANS JACKSON,

　　　　Defendant.

NO.   CR 03-498 FDB (BJR)

PLEA AGREEMENT

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and John J. Lulejian and Susan B. Dohrmann, Assistant United States Attorneys for said District, and the defendant, Gary Evans Jackson, and his attorney, Brian A. Tsuchida, enter into the following Agreement, pursuant to Federal Rules of Criminal Procedure 11(a)(2) and 11(c)(1)(C):

　　　　1.　　The Charges. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Indictment, that is, Travel in Foreign Commerce and Engaging, and Attempting to Engage, in Illicit Sexual Conduct with Minors, as charged in Counts I through III, in violation of Title 18, United States Code, Sections 2423(c), 2423(f), and 2426(a). By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document.

　　　　Defendant further understands that before entering his plea of guilty,

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 1

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

2. <u>Elements of the Offenses</u>. The elements of the offense of Travel in Foreign Commerce and Engaging, and Attempting to Engage, in Illicit Sexual Conduct with Minors as charged in Counts I through III, in violation of Title 18, United States Code, Section 2423(c), are as follows:

First, Defendant travels in foreign commerce; and

Second, Defendant engaged in illicit sexual conduct as defined in Title 18, United States Code, Section 2423(f);

Third, Defendant engaged in illicit sexual conduct with a minor; and,

Fourth, Defendant was a United States citizen at the time of the offense.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for each count of the offense of Travel in Foreign Commerce and Engaging, and Attempting to Engage, in Illicit Sexual Conduct with Minors, as charged in Counts I through III are as follows, as to each count: imprisonment for up to Sixty (60) years, a fine of up to Two Hundred and Fifty Thousand dollars ($250,000.00), a period of supervision following release from prison of up to Five (5) years, and a One Hundred dollar ($100.00) penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 2

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

  a. The right to plead not guilty, and to persist in a plea of not guilty;

  b. The right to a speedy and public trial before a jury of Defendant's peers;

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

  d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings, other than his right to pursue his pre-trial motion to dismiss available to him under Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3) based on constitutional, jurisdictional, and statutory construction grounds only, as set forth below in Paragraph 6.

5. <u>Applicability of Sentencing Guidelines</u>. The parties agree and stipulate

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 3

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1  that the United States Sentencing Guidelines, promulgated by the
2  United States Sentencing Commission, are applicable to this case to the following
3  extent:
4          a.      The parties agree and stipulate that USSG § 2A3.1 is applicable to
5  Counts I through III of the Indictment, and that the applicable sentencing range in this
6  case is 168 to 210 months' imprisonment. The parties further stipulate that they will
7  stipulate and jointly recommend to the Court a sentence of 180 months, pursuant to
8  Federal Rules of Criminal Procedure 11(c)(1)(C).
9          b.      Defendant may not withdraw a guilty plea solely because of the
10 sentence imposed by the Court, unless the Court indicates its intent to sentence
11 Defendant above the stipulated sentence of 180 months' imprisonment. Defendant
12 further agrees to waive his right to withdraw his plea for "any reason or no reason,"
13 before the Court accepts his plea, as permitted by Federal Rule of Criminal Procedure
14 11(d)(1), and acknowledges that if he does seek to withdraw his plea of guilty he will be
15 required to make a showing under Federal Rule of Criminal Procedure 11(d)(2) that
16 either the Court had refused to accept the Plea Agreement, or that there was some other
17 "fair and just reason for requesting the withdrawal" as required by this Rule.
18      6.      <u>Agreement as to Pre-Trial Motions</u>. Defendant reserves the right to
19 pursue his pre-trial motion to dismiss available to him under Federal Rules of Criminal
20 Procedure 12(b)(2) and 12(b)(3) based on constitutional, jurisdictional, and statutory
21 construction grounds only and reserves his right to appeal any adverse rulings on this
22 motion pursuant to Federal Rule of Criminal Procedure 11(a)(2). Additionally,
23 Defendant specifically agrees that he will withdraw all other motions, including but not
24 limited to, motions to suppress evidence and statements and waives his right to file such
25 motions. Finally, Defendant acknowledges and understands that pursuant to Title 18,
26 United States Code, Sections 3161(h)(1)(F) and (I), the delay between the filing of
27 Defendant's pre-trial motion to dismiss and the conclusion of the hearing on, or other
28 prompt disposition of, such motion, shall be excluded in computing the time within

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 4

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

which the trial in this matter must commence. Defendant further agrees that in the event that this matter does proceed to trial and the government needs additional time to prepare for trial in light of the unique circumstances of this case involving the transportation of several essential government witnesses from Cambodia to the United States, Defendant will not oppose a further extension of time for such preparation, pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(iv).

7. <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and for purposes of calculating the base offense level of the Sentencing Guidelines. Defendant admits he is guilty of the charged offenses.

In or about November 2001, Defendant, a United States citizen, traveled from Seattle, Washington, to Bangkok, Thailand, departing from the Seattle-Tacoma International Airport. In or about January 2002, Defendant traveled from Thailand to Phnom Penh, Cambodia.

On or about June 27, 2003, John Doe 2, a fourteen or fifteen year old Cambodian boy, met Defendant at an Internet cafe near the riverfront in Phnom Penh, Cambodia. While in the Internet cafe, John Doe 2 tried to sell Defendant newspapers. Defendant eventually asked John Doe 2 if he would sleep with him. Through broken English and gestures, John Doe 2 agreed to go with Defendant for the purposes of having oral sex. When John Doe 2 and Defendant left the Internet cafe, Defendant asked John Doe 2 to select two boys to join them to have oral sex at a guesthouse. John Doe 1, a ten year old Cambodian boy, and John Doe 3, a fourteen or fifteen year old Cambodian boy, agreed to accompany Defendant and John Doe 2 to the guesthouse.

Defendant and the three Cambodian boys traveled to the Pyco Guesthouse, also known as the Necta Guesthouse, a well-known guesthouse that catered to foreigners and locals who wanted to engage in sexual activity. When Defendant and the boys arrived at the guesthouse, Defendant rented a room, and a bald man escorted them into a room at the top of the stairwell. After Defendant, John Doe 1, John Doe 2 and John Doe 3 entered the room, Defendant, using John Doe 2 as an interpreter, instructed the boys to

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 5

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  take off their clothes. After helping John Doe 1 and John Doe 2 take off their clothes,
2  Defendant told the boys to take a shower with him. Once in the shower, Defendant
3  touched the boys' penises and used soap to clean their bodies. While in the shower,
4  Defendant performed oral sex on all three of the boys for approximately ten minutes.
5      After Defendant finished performing oral sex on the boys, they got out of the
6  shower and dried themselves off with a towel. While still standing, Defendant
7  performed oral sex on the boys again. After Defendant spent another ten minutes
8  performing oral sex on the boys, he requested that John Doe 1 and John Doe 3 stroke
9  his penis. Both boys complied with Defendant's request. When Defendant finished
10 performing oral sex on the boys for the second time, he lay down on the bed and told
11 each of the boys to sit on him. While Defendant reclined on his back, John Doe 2
12 walked over and got onto the bed. Defendant picked John Doe 2 up underneath his
13 arms and sat him in a position which allowed Defendant to again perform oral sex on
14 the boy. Defendant performed oral sex on him for approximately fifteen minutes until
15 John Doe 2 ejaculated in Defendant's mouth. Defendant swallowed John Doe 2's
16 ejaculate, and then performed oral sex on John Doe 1 and John Doe 3 in the same
17 fashion. While Defendant was performing oral sex with the boys, he instructed the boys
18 to take photographs of him with his digital camera.
19     Because Defendant was unable to ejaculate, he masturbated until he ejaculated.
20 After he ejaculated, Defendant smeared his ejaculate on his hand and licked it. At no
21 time did Defendant use a condom. After Defendant had finished engaging in sexual
22 conduct with the boys, he gave them approximately $21 to split among themselves.
23      8.    Acceptance of Responsibility. The United States acknowledges that if
24 Defendant enters a plea of guilty on or before June 23, 2004, Defendant qualifies for an
25 acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a) and if the offense
26 level is sixteen (16) or greater, Defendant's total offense level should be decreased by
27 three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted
28 the United States by timely notifying the authorities of his intention to plead guilty,

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 6

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. **Forfeiture of Contraband.** Pursuant to Title 18, United States Code, Section 2253(a), Defendant agrees to forfeit to the United states immediately all of his right, title, and interest in any and all sexually explicit or sexually related material seized from him by the Cambodian National Police in Cambodia.

10. **Restitution.** No claims for restitution have been presented.

11. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, and except as otherwise set forth in this paragraph, the United States Attorney's Offices for the Western District of Washington and the Northern District of California agree not to prosecute Defendant for any additional offenses known to them as of the time of this Agreement that are based upon evidence in their possession at this time, or that arise out of the conduct giving rise to this investigation. Further, should another United States Attorney's Office initiate an investigation or prosecution of Defendant related to the sexual exploitation of children occurring before the date of this agreement, the United States Attorney's Office for the Western District of Washington agrees to contact that office and make known its position that no further prosecution of the Defendant should occur. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

12. **Voluntariness of Plea.** Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter these pleas of guilty.

13. **Statute of Limitations.** In the event that this Agreement is not accepted by

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 7

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

14. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in conduct that would warrant an increase in Defendant's adjusted offense level or justify an upward departure under the Sentencing Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the United States is free under this Agreement to seek a sentencing enhancement or upward departure based on that conduct.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 8

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  15. **Completeness of Agreement**. The United States and Defendant
2  acknowledge that these terms constitute the entire Plea Agreement between the parties.
3  This Agreement only binds the United States Attorney's Offices for the Western District
4  of Washington and the Northern District of California. It does not bind any other
5  United States Attorney's Office or any other office or agency of the United States, or
6  any state or local prosecutor.

7  Dated this 23rd day of June, 2004.

10  
GARY EVANS JACKSON
11  Defendant

14  
BRIAN A. TSUCHIDA
15  Attorney for Defendant

17  
18  SUSAN M. HARRISON
    Assistant United States Attorney

22  JOHN J. LULEJIAN
23  Assistant United States Attorney

26  SUSAN B. DOHRMANN
    Assistant United States Attorney

PLEA AGREEMENT/
(Gary Evans Jackson, Case No. CR 03-498 FDB (BJR)) - 9

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970